Case 7:20-cv-00370 Document 49 Filed on 09/01/21 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-370 |
| | § | |
| 0.661 ACRES OF LAND, MORE OR LESS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the "Joint Motion for Order Distributing Funds on Deposit in the Registry of the Court and Closing Case" for Tract RGV-WSL-2016 filed by the United States of America and Defendants Gary Box, Roy Box, Dora D. Box, Dora Box Rodriguez, Linda Box Ponder, Norma Box, John Box, IV, John Box, and Maria San Juana Martinez Box ("Defendants"). The parties agree that the just compensation as to Tract RGV-WSL-2016 ("Subject Property") is fifty-five thousand dollars and 00/100 ($55,000.00)[1] and now seek an order (1) establishing just compensation; (2) granting immediate possession of the Subject Property to the United States; (3) distributing the stipulated just compensation; and (4) closing this case on the Court's docket.

### I. BACKGROUND

1. This case was commenced on November 17, 2020 with the United States seeking a fee simple interest in real property identified as Tract RGV-WSL-2016.[2] On November 20, 2020, the

---

[1] Dkt. No. 5 and 47.
[2] Dkts. No. 1 and 2.

United States deposited forty-eight thousand three hundred twenty dollars and 00/100 ($48,320.00) with the Registry of the Court as estimated just compensation.[3] Upon deposit of the estimated just compensation, title to the Subject Property vested in the name of the United States by operation of law.[4] The United States subsequently deposited a six thousand six hundred eighty dollars and 00/100 ($6,680.00) into the Registry of the Court as additional funds for the estimated just compensation for Tract RGV-WSL-2016.[5]

2. Given that the United States' "Motion to Dismiss the Unknown Heirs of John Box, Jr (a/k/a John Box, III)"[6] provided sufficient grounds to find that Norma Box, John Box, IV, John Box, and Maria San Juana Martinez Box are the heirs-at-law with an ownership interest in the Subject Property for the purposes of this condemnation proceeding, the Court hereby dismisses the Unknown Heirs/Devisees of John Box, Jr. (a/k/a John Box, III).

## II. STIPULATION AND JUDGMENT

3. The United States and Defendants now agree and stipulate that the proper just compensation for Tract RGV-WSL-2016 in this action is fifty-five thousand dollars and 00/100 ($55,000.00), and this is in full satisfaction of any claim of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action. The parties request a final judgment be entered against the United States in the amount of fifty-five thousand dollars and 00/100 ($55,000.00) for Tract RGV-WSL-2016. Defendants warrant that (1) they are the owners of the Subject Property taken in this proceeding; (b) they have the exclusive

---

[3] Dkt. No. 5.

[4] Upon the filing of the Declaration of Taking and depositing the estimated compensation amount in the Registry of Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit").

[5] Dkt. No. 47.

[6] Dkt. No. 46.

right to the compensation, herein; excepting the interests of parties having liens, leases, encumbrances of record, and unpaid taxes and assessments, if any; and (c) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.[7]

    4. The parties seek immediate disbursement of the funds on deposit in the Registry of the Court and have agreed that the funds should be disbursed as follows:

- $9,418.62 to "Dora D. Box" with accrued interest from the date of deposit;
- $9,040.69 to "Gary Box" with accrued interest from the date of deposit;
- $9,040.69 to "Roy Box" with accrued interest from the date of deposit;
- $13,750.00 to "Dora Box Rodriguez" with accrued interest from the date of deposit;
- $6,875.00 to "Linda Ponder Box" with accrued interest from the date of deposit;
- $1,589.33 to "Maria San Juana Martinez Box" with accrued interest from the date of deposit;
- $1,761.89 to "Norma L. Box" with accrued interest from the date of deposit;
- $1,761.89 to "John Box, IV" with accrued interest from the date of deposit; and
- $1,761.89 to "John Box" with accrued interest from the date of deposit.

    5. Based on the foregoing, the Court finds that since the parties are in agreement about the amount of compensation, just compensation has been established. Final judgment is hereby entered against the United States in the amount of fifty-five thousand dollars and 00/100 ($55,000.00), along with any accrued interest. This sum is in full satisfaction of any claims whatsoever by Defendants against the United States for the institution and prosecution of the above-captioned action. The total said sum of fifty-five thousand dollars and 00/100 ($55,000.00), with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever

---

[7] See Dkt No. ___ at p. 4, ¶6(g).

nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. There being no outstanding taxes or assessments due or owing, Defendants are responsible for the payment of any additional taxes or assessments, which they otherwise owe on the interests in the property taken in this proceeding on the date of the taking.

6. The parties have further agreed, in the event that any other party is ultimately determined to have any right to receive compensation for the interest taken in the Subject Property, Defendants shall refund to the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. §3116 from the date of receipt of the respective deposit by Defendants to the date of repayment into the Registry of the Court.

7. Additionally, the Court finds that the United States is entitled to immediate possession of the Subject Property, and all persons in possession or in control of the interests taken in the Subject Property are ordered by this Court to surrender possession to the United States.

8. The parties have also agreed that the parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.[8] The parties also agree that Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to accomplish their stipulated final judgment.[9]

---

[8] *Id.* at p. 5, ¶ 6(i).
[9] *Id.* at p. 5, ¶ 6(k).

9. Finally, the parties have agreed that Defendants shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.[10]

## III. HOLDING

The Court hereby dismisses the Unknown Heirs/Devisees of John Box, Jr. (a/k/a John Box III) from this action. The Court **ORDERS** the Clerk of Court to **DISBURSE** the total sum of fifty-five thousand dollars and 00/100 ($55,000.00), **along with any accrued interest earned thereon while on deposit**, payable by check as follows:

- $9,418.62 to "Dora D. Box" with accrued interest from the date of deposit;
- $9,040.69 to "Gary Box" with accrued interest from the date of deposit;
- $9,040.69 to "Roy Box" with accrued interest from the date of deposit;
- $13,750.00 to "Dora Box Rodriguez" with accrued interest from the date of deposit;
- $6,875.00 to "Linda Ponder Box" with accrued interest from the date of deposit;
- $1,589.33 to "Maria San Juana Martinez Box" with accrued interest from the date of deposit;
- $1,761.89 to "Norma L. Box" with accrued interest from the date of deposit;
- $1,761.89 to "John Box, IV" with accrued interest from the date of deposit; and
- $1,761.89 to "John Box" with accrued interest from the date of deposit.

**IT IS HEREBY ORDERED** that this case be DISMISSED and CLOSED on the Court's docket.

---

[10] *Id.* at p. 5, ¶ 6(I).

SO ORDERED this 1st day of September, 2021, at McAllen, Texas.

*[signature: Randy Crane]*

Randy Crane
United States District Judge